UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RONALD HAWKINS,

                    **Plaintiff,**

        -against-

CORELOGIC SAFERENT, LLC,

                    **Defendant.**
------------------------------------------------------------------x

16 CV 2438

**COMPLAINT**

The plaintiff RONALD HAWKINS ("Plaintiff"), by his attorneys Mallon Consumer Law Group PLLC, as and for his complaint against the defendant CORELOGIC SAFERENT, LLC alleges as follows, upon information and belief:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this case against defendant CoreLogic SafeRent, LLC ("SafeRent"), a tenant screening agency, for violating the Fair Credit Reporting and New York Fair Credit Reporting Act by erroneously reporting his father's housing court cases on Plaintiff's tenant screening report. The erroneous report caused a landlord to deny Plaintiff's application for an apartment and created difficulties in Plaintiff's search for housing. Plaintiff brings this action for actual and punitive damages along with a request for injunctive relief brought pursuant to 15 U.S.C. § 1681 *et seq.* ("Fair Credit Reporting Act" or "FCRA") and New York General Business Law § 380 *et seq.* (the "New York Fair Credit Reporting Act" or "NY FCRA"). Additionally, Plaintiff seeks equitable relief requiring Defendant to implement and maintain procedures to comply with the NY FCRA.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has diversity jurisdiction over the state law claims under 28 USC § 1332 as well as supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. The plaintiff is an individual person residing in the Bronx, New York and is a "consumer" within the meaning of the FCRA. [15 U.S.C. § 1681a(c)].

4. Defendant CoreLogic SafeRent, LLC ("SafeRent") is a Delaware corporation, duly authorized and qualified to do business in the state of New York. SafeRent is a "credit reporting agency" and "nationwide specialty consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f) and (x)].

## FACTUAL BACKGROUND

5. Plaintiff resides in New York City. From 2012 until December 2015, plaintiff resided in an apartment on Columbus Avenue in New York, New York. In 2015, the landlord of the Columbus Avenue apartment informed plaintiff that he was required to vacate by January 2, 2015. Plaintiff then began seeking a new apartment to reside in.

6. Plaintiff, through a broker, found an apartment he sought to lease at 45 East Mosholu Parkway North, Bronx, New York 10467, and applied to lease the apartment on or around December 10.

7. In considering his application for tenancy, the owner of the apartment building, Park Lane Mosohlu, LLC ( "Park Lane"), obtained a tenant screening consumer report from Defendant.

8.  This tenant screening report incorrectly stated that Plaintiff had been a Respondent and a Petitioner in several cases in New York City Housing Court. Among the cases Defendant reported were actions for holdovers and non-payment of rent.

9.  Park Lane rejected Plaintiff's application due to the presence of the New York City Housing Court cases.

10. Plaintiff has never been a Petitioner or a Respondent in a case in New York City Housing Court.

11. Plaintiff hah never held a lease to an apartment before the report was generated.

12. The New York City Housing Court cases that Defendant reported involved Plaintiff's father, not the plaintiff.

13. Plaintiff's father has a different date of birth, address, and social security number than the plaintiff.

14. On ???

15. The inaccuracies on plaintiff's tenant screening report prepared and issued by SafeRent have caused the plaintiff to suffer from a rejection for an application for an apartment. Defendant's FCRA violations have additionally taken a toll on the plaintiff's mental wellbeing and have caused him emotional distress in addition to the loss of apartment and economic harm.

**AS AND FOR A FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA

16. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

17. SafeRent prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced at least one consumer report regarding the plaintiff, as that term is defined in 15

U.S.C. § 1681a(d).

18. Such reports falsely stated that New York City Housing Court cases belonged to the plaintiff. Defendant knew, or should have known, that the consumer reports contained erroneous information.

19. Defendant willfully (or, in the alternative, negligently) failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to third parties pertaining to the plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

20. Defendant published a consumer report regarding the plaintiff containing the subject delinquent accounts, causing the plaintiff economic harm via denial of an apartment application, limiting his ability to obtain housing, damaging his reputation, and causing him emotional distress.

21. The plaintiff has suffered damages as a result of defendants' unlawful conduct, including but not limited to the denial of an apartment, and difficulty in obtaining housing.

22. Defendants are thus liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681o and 1681n.

**SECOND CAUSE OF ACTION**
VIOLATION OF THE NY FCRA

23. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

24. SafeRent prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced at least one consumer report regarding the plaintiff, as that term is defined in NY

GBL §380-a(c)(1).

25.  Such reports falsely stated that New York City Housing Court cases belonged to the plaintiff.  Defendant knew, or should have known, that the consumer reports contained erroneous information in violation of NY GBL § 380–j(a)(3).

26.  SafeRent willfully (or, in the alternative, negligently) violated NY GBL § 380-j(e) by failing to maintain reasonable procedures designed to assure maximum possible accuracy when it issued credit reports regarding the plaintiff which contained the erroneous delinquent accounts.

27.  SaefRent published credit reports regarding the plaintiff containing the subject delinquent and negative accounts, causing the plaintiff economic harm via having applications for a mortgage and credit cards denied, damaging his reputation, and causing him emotional distress.

28.  SafeRent is thus liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees pursuant to NY GBL §§ 380-l and 380-m.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated:  April 1, 2016                              Respectfully submitted,

                                                                    Kevin Mallon
                                                                    MALLON CONSUMER LAW GROUP PLLC
                                                                    One Liberty Plaza, Suite 2301
                                                                    New York, NY  10006
                                                                    (646) 759-3663
                                                                    consumer.esq@outlook.com
                                                                    Attorneys for the Plaintiff